# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP LANDE** | **CIVIL ACTION** |
| **versus** | **NO. 11-3130** |
| **LYNN COOPER, WARDEN** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

Petitioner, Phillip Lande, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On December 21, 2011, through counsel, he filed the instant federal *habeas corpus* petition[1] and an accompanying motion requesting that the Court stay these proceedings while he continues to exhaust his remedies in state court.[2] For the following reasons, the undersigned United States Magistrate Judge recommends that the motion to stay be **GRANTED**.

On March 2, 2005, petitioner was convicted of two counts of aggravated incest under Louisiana law.[3] On July 13, 2005, he was sentenced on each count to a concurrent term of fifteen years imprisonment.[4] On March 22, 2006, he was found to be a multiple offender and was resentenced as such on each count to a concurrent term of fifteen years imprisonment without benefit

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 2.

[3] State Rec., Vol. X of XIV, transcript of March 2, 2005, pp. 76-77; State Rec., Vol. VII of XIV, jury verdict forms.

[4] State Rec., Vol. X of XIV, transcript of July 13, 2005; State Rec., Vol. II of XIV, minute entry dated July 13, 2005.

of probation or suspension of sentence.[5]  On June 28, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions.[6]  Petitioner's related writ application was then denied by the Louisiana Supreme Court on April 20, 2007.[7]

On July 18, 2008, petitioner, through counsel, filed a timely application for post-conviction relief with the state district court.[8]  That application was denied on November 6, 2008.[9]  He thereafter filed a related writ application with the Louisiana Fifth Circuit Court of Appeal.  On March 31, 2009, that application was granted in part, and the matter was remanded to the state district court for further proceedings on several claims.[10]  With respect to some of those claims, the state district court then again denied relief on July 12, 2010,[11] and petitioner's related writ application challenging that judgment was denied by the Louisiana Fifth Circuit Court of Appeal on October 5, 2010.[12]  After holding an evidentiary hearing on petitioner's remaining claim, the state

---

[5] State Rec., Vol. II of XIV, minute entry dated March 22, 2006.

[6] State v. Lande, 934 So.2d 280 (La. App. 5th Cir. 2006) (No. 06-KA-24); State Rec., Vol. II of XIV.

[7] State v. Lande, 954 So.2d 154 (La. 2007) (No. 2006-K-1894); State Rec., Vol. III of XIV.

[8] State Rec., Vol. III of XIV.

[9] State Rec., Vol. III of XIV, Order dated November 6, 2008.

[10] Lande v. Cooper, No. 09-KH-77 (La. App. 5th Cir. Mar. 31, 2009); State Rec., Vol. III of IV.

[11] State Rec., Vol. IV of XIV, Order dated July 12, 2010.

[12] Lande v. Cooper, No. 10-KH-768 (La. App. 5th Cir. Oct. 5, 2010); State Rec., Vol. IV of XIV.

district court likewise denied that claim on April 29, 2011.[13]  Petitioner then again sought writs, and

that application was denied by the Louisiana Fifth Circuit Court of Appeal on July 26, 2011.[14]  He

thereafter filed a related writ application with the Louisiana Supreme Court,[15] and that application

currently remains pending.

On December 21, 2011, petitioner filed the instant federal *habeas corpus* petition[16]

and the accompanying motion for a stay.[17]  On March 12, 2012, the state filed a response noting that

it does not oppose the granting of a stay.[18]

In this case, it is apparent that the court has been presented with a "protective"

petition containing both exhausted and unexhausted claims to avoid any potential problem with the

federal statute of limitations.  The United States Supreme Court has expressly sanctioned the filing

of such protective petitions and accompanying motions to stay.  Pace v. DiGuglielmo, 544 U.S. 408,

416-17 (2005).

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that

it is sometimes appropriate for a federal district court to stay federal *habeas corpus* proceedings in

---

[13]   State Rec., Vol. XIII of XIV, transcript of April 29, 2011; State Rec., Vol. IV of XIV, minute entry dated April 29, 2011.

[14]   Lande v. Cooper, No. 11-KH-695 (La. App. 5th Cir. July 26, 2011); State Rec., Vol. IV of XIV.

[15]   State Rec., Vol. XIII of XIV.

[16]   Rec. Doc. 1.

[17]   Rec. Doc. 2.

[18]   Rec. Doc. 12, p. 5.

which a petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims

in order to allow the petitioner to present his unexhausted claims in state court and then return to

federal court for review of his perfected petition. In reaching that decision, the Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," [Rose v. Lundy, 455 U.S. 509, 520 (1982)] (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., [Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)] ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

> *On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.*

Rhines, 544 U.S. at 277-78 (emphasis added).

In the instant case, the state concedes that petitioner's federal application was timely filed and notes that it does not oppose the granting of a stay in this matter.[19]  In light the state's position, the fact that petitioner's unexhausted claims are "potentially meritorious," and the fact that he has sought state post-conviction relief diligently and has not engaged in intentionally dilatory litigation tactics, the undersigned finds that a stay is appropriate.

### <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that petitioner's unopposed motion to stay these proceedings, Rec. Doc. 2, be **GRANTED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.  **IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings **within thirty (30) days** after the Louisiana Supreme Court issues its ruling with respect to his pending writ application in case number 11-KP-1857.

---

[19]  Rec. Doc. 12, pp. 3 and 5.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this twentieth day of March, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.